**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**CURTIS POWELS,**

      **Plaintiff,**

**vs.**                                      **Case No. 2:12-cv-00481-WPL-LAM**

**TEXAS ROADHOUSE MANAGEMENT
CORP., STEVE LOPEZ, AND JAMIE
GARCIA,**

      **Defendants.**

## STIPULATED CONFIDENTIALITY ORDER

The parties have stipulated to the entry of the following Confidentiality Order, which this Court hereby approves. This Order is intended to protect the confidentiality of documents and records including, but not limited to, proprietary business records, personal, and personnel records of Defendants, as well as the personal and personnel records of Plaintiff and others, including, but not limited to, tax returns/financial records, medical records, employment/education records, and telephone/e-mail records.

1.    Designation of CONFIDENTIAL Materials. Any party in this action (the "designating party") shall have the right to designate as CONFIDENTIAL any material that it believes, in good faith, contains or represents confidential personal, medical, financial, proprietary, competitive, trade secret, personnel or other sensitive information that the designating party normally would not reveal to third parties or that the designating party normally would require third parties to maintain in confidence.

2.	Restriction of Designated Materials Obtained in this Action. No material designated CONFIDENTIAL shall be disclosed to any person or entity except as set forth in this Order. No person shall use any material designated CONFIDENTIAL for any purpose other than to assist in the preparation, trial and any appeal of this Action. No copies of material designated CONFIDENTIAL shall be made except by or on behalf of counsel for named parties.

3.	Marking Designated Material. Material described in paragraph 1 above that any party wishes to designate as CONFIDENTIAL so as to protect the same against unauthorized use or disclosure shall do so placing the legend "CONFIDENTIAL" or "CONFIDENTIAL – Subject to Court Order" on the every page of the document deemed to contain CONFIDENTIAL information, or on the physical item. Any CONFIDENTIAL physical item shall be marked on the physical item or on the container within which it is produced.

4.	A party may apply to the Court for a ruling that material or a document (or category of documents) identified as CONFIDENTIAL is entitled to such status or protection. To maintain CONFIDENTIAL status, the proponent of confidentiality must show by a preponderance of the evidence that there is good cause for the material or document to have such protection.

5.	Depositions. Deposition testimony concerning confidential information may be designated CONFIDENTIAL. In that case, the portion of the transcript of the deposition that is designated CONFIDENTIAL shall be clearly marked by the reporter to note that the designated portion of the transcript is CONFIDENTIAL. The designating party shall have the right to exclude all persons except deponent, his/her counsel, the Parties, counsel of record for the named parties, the reporter, and those persons listed in paragraph 7 below from a deposition while the witness testifies.

Deposition transcripts may be designated CONFIDENTIAL within 30 days after the transcript has been received by the parties by giving written notice of such designation to counsel for all parties.

      6.      Filing Designated Material. Subject to paragraph 9 below, all material filed with the Court, including transcripts of depositions, exhibits, physical evidence, answers to interrogatories, responses to requests for admission, briefs and memoranda, which contain designated CONFIDENTIAL information, shall be filed for Parties' eyes only.

      7.      Access to CONFIDENTIAL Material. Except as provided in this Order, material designated CONFIDENTIAL, and the information contained therein, shall not be provided, shown, made available, or communicated in any way to any person or entity with the exception of:

    a.    counsel working on this action on behalf of any party;

    b.    full-time, part-time or temporary employees of counsel under the supervision of counsel;

    c.    any person not employed by a party who is expressly retained as a consultant or expert retained for the purpose of assisting in the litigation of the Action by a party or counsel, but only to the extent necessary to perform such work;

    d.    any person who was an author, recipient or subject of CONFIDENTIAL material about which testimony is taken, or any person from whom testimony is taken whom counsel for any party wishes to question regarding any CONFIDENTIAL material. If such a person is deposed or testifies in a court proceeding and, during the course of such testimony he/she is shown copies of CONFIDENTIAL materials, he/she may not keep those copies;

  e. deposition and court reporters, a secure outside copy service under contract to provide copy service to counsel for any party, the Court and the Court staff; and

  f. any party to this action or their employees;

In the event any party is served with a subpoena or similar request demanding production of the information designated as CONFIDENTIAL, that party shall immediately notify the producing party of such subpoena or request and it will be the obligation of the producing party to interpose and defend any objection to production of the confidential information.

  8. Procedure for Seeking Further Disclosure. Before counsel may disclose CONFIDENTIAL material to those not identified in paragraph 7 above, he/she shall provide written notice to counsel for the designating party of his/her intent to disclose the CONFIDENTIAL material. The notice must state the specific material to be disclosed, and the name, address, and position of the person to whom counsel plans to disclose the material. Counsel shall not disclose CONFIDENTIAL material under this paragraph until he/she receives written approval from counsel for the designating party, except by Order of the Court. Within ten (10) days after the designating party is notified of the desired disclosure, he/she shall give written notice of approval or of any objection to the disclosure. To maintain confidential status, the proponent of confidentiality must show by a preponderance of the evidence that there is good cause for the document(s) to have such protection.

  9. CONFIDENTIAL Information at Trial. Subject to the Federal Rules of Evidence, stamped CONFIDENTIAL documents and other CONFIDENTIAL information may be offered in evidence at trial or any court hearing. Any party may move the court for an order that this evidence be received in camera or under other conditions to prevent unnecessary disclosures. The Court will

then determine whether the proffered evidence should be continued to be treated as CONFIDENTIAL information and, if so, what protection, if any, may be afforded to such information at trial.

10. If a witness who does not fall under paragraph 7 will view material designated CONFIDENTIAL during his/her deposition, the designating party may request that the deponent sign a written declaration in the form attached as Exhibit A.

11. Counsel of record shall be responsible for maintaining a file of all such declarations that he/she obtains pursuant to this Protective Order. The file of signed declarations shall be available for inspection by the Court and opposing counsel.

12. Disposition of Designated Material at End of Action. Within sixty (60) days of the final adjudication, including any appellate proceedings, or other final disposition of the claims at issue in this action, unless otherwise agreed in writing by an attorney of record for the designating party, each party and person identified in paragraph 7 shall return or destroy all material designated CONFIDENTIAL they possess, including all copies, to the person who provided such material. Counsel may keep all documents containing CONFIDENTIAL information that also contain attorney work product.

13. Obligations of Counsel. Counsel for each party shall take all reasonable precautions to prevent unauthorized or inadvertent disclosure or use of any material designated CONFIDENTIAL.

14. Inadvertent Failure to Designate. Failure to designate material as CONFIDENTIAL shall not preclude any party or third party from later designating the material CONFIDENTIAL. A party or third party may designate previously produced material CONFIDENTIAL that he/she

inadvertently failed to designate initially through written notice to counsel of record for the receiving party or parties. The designating party shall supply copies of the material marked CONFIDENTIAL.

15. Duration of Confidentiality Order. The confidentiality obligations imposed by this Order, including without limitation those of counsel under paragraphs 14 and 15, shall remain in effect until this case is resolved or dismissed.

16. Modification Permitted. Nothing in this Order shall prevent any party from seeking modification of this Order or from objection to discovery that it believes to be otherwise improper.

**IT IS SO ORDERED**

*Lourdes A. Martínez*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**

Submitted by:

LITTLER MENDELSON, P.C.

By: */s/ Charlotte Lamont*
　　Charlotte Lamont
　　Attorneys for Defendants


Agreed to:

THE FURTH LAW FIRM, P.A.

By: *Approval Given 08/27/12*
　　Ben Furth
　　Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

CURTIS POWELS,

    Plaintiff,

vs.

TEXAS ROADHOUSE MANAGEMENT
CORP., STEVE LOPEZ, AND JAMIE
GARCIA,

    Defendants.

Case No. 2:12-cv-00481-WPL-LAM

**DECLARATION**

    The undersigned hereby acknowledges that he or she has been informed of the existence of the Confidentiality Order dated _____, 2012, has been explained and understands the terms thereof, submits to the personal jurisdiction of the United States District Court for the District of New Mexico for purposes of enforcing the Confidentiality Order, and agrees upon threat of penalty of contempt to be bound by such terms.

_____    _____
Date                                                                                          Signature

I hereby certify that a copy of the foregoing was mailed this \_\_ day of _____, 2012, to all counsel of record as follows:

_____

Firmwide:114031985.1 069343.1010

# EXHIBIT A